IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD YOST** | : | |
| 4608 Cottman Avenue | : | |
| Philadelphia, PA 19135 | : | **Civil Case No.** _____ |
| **Plaintiff**, | : | |
| | : | |
| **v.** | : | |
| | : | *JURY TRIAL DEMANDED* |
| **MARYLAND AND VIRGINIA MILK** | : | |
| **PRODUCERS COOPERATIVE** | : | |
| **ASSOCIATION, INCORPORATED** | : | |
| 13921 Park Center Road, Suite 220 | : | |
| Herndon, VA 20171 | : | |
| **Defendant**. | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff, Edward Yost ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant Maryland and Virginia Milk Producers Cooperative Association, Incorporated ("Defendant"), alleges as follows:

## INTRODUCTION

1.      Plaintiff initiates this action contending Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* by interfering with Plaintiff's FMLA rights/benefits and by terminating Plaintiff's employment in retaliation for Plaintiff attempting to exercise his rights under the FMLA.

2.      Plaintiff further contends Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*., and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code. §9-1101, *et seq.* by failing to provide reasonable accommodation(s) to Plaintiff as well as by discriminating against Plaintiff and terminating his employment because of his actual and/or perceived

1

disabilities, for his record of disability, and in retaliation for requesting/requiring reasonable accommodation.

3. Defendant's violations of the FMLA, ADA, PHRA and PFPO have caused Plaintiff to suffer damages as set forth herein.

**PARTIES**

4. Plaintiff Edward Yost is a citizen of the United States and Pennsylvania, who currently resides at 4608 Cottman Avenue, Philadelphia, PA 19135.

5. Upon information and belief, Defendant Maryland and Virginia Milk Producers Cooperative Association, Incorporated is a Virginia corporation with a principal place of business at 13921 Park Center Road, Suite 220, Herndon, VA 20171

6. Upon information and belief, Defendant does business in Pennsylvania and operates a processing plant located at 10975 Dutton Rd, Philadelphia, PA 19154.

**JURISDICTION AND VENUE**

7. Paragraphs 1 through 6 are hereby incorporated by reference as though the same were fully set forth at length herein.

8. On or about November 21, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), 43 P.S. § 959(a)., and Phila. Code. § 9-1112.

9. Plaintiff's EEOC Charge was docketed as EEOC No. 530-2025-01464 and was filed within one-hundred and eighty (180) days of the unlawful employment practice(s).

2

10.     On or about May 19, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

11.     One year has passed since Plaintiff filed his complaint(s) with the EEOC, PHRC, and PFPO (his dual-filed Charge), thereby entitling Plaintiff to bring his state claims in court.

12.     Plaintiff filed the instant action within the statutory time frame applicable to his claims.

13.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

14.     This action is authorized and initiated pursuant to the FMLA, ADA, PHRA, and PFPO.

15.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

16.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

17.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant does business herein and the unlawful practices of which Plaintiff is complaining were committed herein.

## **FACTUAL BACKGROUND**

18.     Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19.     Plaintiff began his employment with Defendant's predecessor company on or about March 20, 2023 in the position of Filler Operator.

20.     Plaintiff worked in the dairy processing plant located at 10975 Dutton Rd, Philadelphia, PA 19154.

21.     Plaintiff suffers from several mental health issues including severe depression, anxiety, addiction, bipolar disorder, complex post-traumatic stress disorder (PTSD), and attention-deficit/hyperactivity disorder (ADHD).

22.     In early 2024, Plaintiff was experiencing aggravated symptoms of these conditions, and by late February 2024, he had to take a medical leave of absence from work so he could receive in-patient rehabilitation and mental health treatment.

23.     Accordingly, Plaintiff requested to take medical leave and thereafter commenced leave on or about February 28, 2024.

24.     The next day, on or about February 29, 2024, Defendant officially acquired and took over operations of the processing plant where Plaintiff worked.

25.     The employee responsible for handling Plaintiff's leave request(s), Human Resources Manager Monica Speck ("Ms. Speck"), remained in her role when Defendant took over operations.

26.     To support Plaintiff's request/need for leave, he and his doctor submitted FMLA paperwork to Ms. Speck.

27.     However, on or about May 21, 2024, Plaintiff's wife received a letter from Ms. Speck stating that Plaintiff's requests for leave under the ADA and FMLA "have been denied."

28.     The letter further stated: "At this time, you no longer have time that can be applied to your claims and you are considered out of work on an unapproved leave of absence."

4

29.     Ms. Speck provided no explanation as to why Plaintiff's requests had been denied in the letter or otherwise.

30.     Additionally, the letter stated that Plaintiff must return to work by May 28, 2024 and that if Ms. Speck did not receive contact from him by May 28th, Defendant would terminate his employment.

31.     After receiving Ms. Speck's letter, Plaintiff's wife attempted to contact Ms. Speck on Plaintiff's behalf numerous times before May 28, 2024 by phone and email but did not receive any responsive communications from Ms. Speck.

32.     On May 28, 2024, Ms. Speck finally responded to one email, advising she had been on vacation and would call to discuss.

33.     Before speaking with Ms. Speck, Plaintiff's wife specifically requested by email that Plaintiff's leave be approved due his disabilities and serious health conditions and/or to be provided information as to the alleged denial of his leave.

34.     When Ms. Speck did finally call, she claimed that there was some issue with Plaintiff's FMLA paperwork that warranted a denial of his leave requests and that "unfortunately there was nothing we can do at this point."

35.     Notably, neither Ms. Speck nor any other employee of Defendant had ever notified Plaintiff of any issue with his FMLA or ADA paperwork; nor had Plaintiff ever been given the opportunity to cure or correct any alleged issues with the medical paperwork.

36.     During this call, Ms. Speck advised that Defendant thus was following through with the termination of Plaintiff's employment.

37.    Plaintiff thereafter received a letter from Defendant dated May 28, 2024, advising that Defendant terminated his employment on that date because he had been "out on an unapproved Leave of Absence since February 28, 2024."

38.    In light of the foregoing, it is believed and therefore averred that Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, requests/need for accommodation, and record of disability, in violation of the ADA PHRA, and PFPO.

39.    It is further believed and averred that Defendant failed to accommodate Plaintiff, in violation of the ADA PHRA, and PFPO.

40.    Additionally, it is believed and averred that Defendant violated the FMLA by interfering with Plaintiff's FMLA benefits/rights and by retaliating against Plaintiff for seeking and requiring FMLA leave.

41.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; Plaintiff has also suffered other economic damages, mental anguish, pain and suffering, emotional distress, humiliation, and damage to reputation and career.

**COUNT I**
**FAMILY AND MEDICAL LEAVE ACT ("FMLA")**
**29 U.S.C. 2601, *et seq.***
**INTERFERENCE & RETALIATION**

42.    Paragraphs 1 through 41 are hereby incorporated by reference as if the same were fully set forth at length herein.

43.    Plaintiff was eligible for FMLA leave and provided Defendant with adequate notice of his need for leave.

6

44.     Defendant terminated Plaintiff in retaliation for requesting and requiring FMLA-qualifying leave.

45.     Defendant interfered with Plaintiff's FMLA rights and benefits by terminating him and preventing him from taking 12-weeks of job protected leave.

46.     The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

47.     As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and benefits as well as other significant economic damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a)     Back wages and front pay in an amount to be determined at trial;

b)     Liquidated damages in the maximum amount permitted;

c)     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d)     Pre-judgment interest in an appropriate amount; and

e)     Such other and further relief as is just and equitable under the circumstances;

f)     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## AMERICANS WITH DISABILITIES ACT ("ADA")
### 42 U.S.C. § 12101, *et seq.*
### DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

48.     Paragraphs 1 through 47 are hereby incorporated by reference as if the same were fully set forth at length herein.

49.     Plaintiff is a qualified individual with a disability within the meaning of the ADA.

50.     Defendant was aware of Plaintiff's disability, record of impairment/disability, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

51.     Plaintiff requested and required reasonable accommodation(s) in connection with his disability.

52.     Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

53.     Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, because of his record of impairment/disability, and in retaliation for requesting/requiring reasonable accommodation(s).

54.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; and Plaintiff has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a)      Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b)      Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c)      Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d)      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e)      Pre-judgment interest in an appropriate amount; and

f)      Such other and further relief as is just and equitable under the circumstances.

g)      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")
### 43 P.S. § 951 *et seq.*
### DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

55.     Paragraphs 1 through 54 are hereby incorporated by reference as if the same were fully set forth at length herein.

56.     Plaintiff is a qualified individual with a disability and/or handicap within the meaning of the PHRA.

57.     Defendant was aware of Plaintiff's disability/handicap, record of disability/handicap and/or regarded Plaintiff as having a disability/handicap.

9

58.     Plaintiff requested and required reasonable accommodation(s) in connection with her disability/handicap.

59.     Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

60.     Defendant terminated Plaintiff's employment because of his actual and/or perceived disability/handicap, because of her record of disability/handicap, and in retaliation for requesting/requiring reasonable accommodation(s).

61.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; and Plaintiff has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

62.     The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a)     Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b)     Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c)    Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d)    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e)    Pre-judgment interest in an appropriate amount; and

f)    Such other and further relief as is just and equitable under the circumstances.

g)    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT IV
## PHILADELPHIA FAIR PRACTICES ORDINANCE ("PFPO")
### Phila. Code § §9-1101, *et seq.*
## DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

63.    Paragraphs 1 through 62 are hereby incorporated by reference as if the same were fully set forth at length herein.

64.    Plaintiff is a qualified individual with a disability within the meaning of the PFPO.

65.    Defendants were aware of Plaintiff's disability, record of disability, and/or regarded Plaintiff as having a disability.

66.    Plaintiff requested and required reasonable accommodation(s) in connection with his disability.

67.    Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

11

68.    Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, because of his record of impairment/disability, and in retaliation for requesting/requiring reasonable accommodation(s).

69.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; and Plaintiff has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a)    Back wages, front pay, and compensatory damages in an amount to be determined at trial;

b)    Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)    Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

d)    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

e)    Pre-judgment interest in an appropriate amount;

f)    Such other and further relief as is just and equitable under the circumstances; and

12

g)    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date:   May 19, 2026

By:    */s/ Jake Daniel Novelli, Esq.* ____

Jake Daniel Novelli, Esq.
Michael Murphy, Esq.
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Counsel for Plaintiff*

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.